POMEROY VS. CROCKER and others.

1. REPLEVIN — EXECUTION. — Where property has been replevied and delivered to the plaintiff and the defendant prevails in this action, and, waiving a return of his property, takes judgment for the value of the property replevied and damages for its caption and detention, with costs, execution cannot issue against the body of the plaintiff to obtain satisfaction of such judgment.

2. SAME — SHERIFF. — Execution on a judgment so rendered, fair on its face, will justify the officer to whom it is directed in arresting and detaining the body of the plaintiff according to its mandate, in the absence of any notice of its invalidity (KNOWLTON, J., dissenting); but the party at whose instance it was issued, as well as the clerk of the court who issued it are answerable in trespass for all acts done under such writ.

(4 Chand., 174.)

ERROR to the Circuit Court for *Kenosha* County.

Action for false imprisonment brought by *Pomeroy* against *Crocker, Turner* and *Parker*.

The defendants pleaded separately special pleas, justifying the alleged imprisonment, in substance that an action of replevin was commenced in the circuit court for Racine county by *Pomeroy* against Turner and one Strong, to recover four hundred and fifty bushels of wheat; that under the process in that action the wheat was taken and upon the plaintiff *Pomeroy* giving bond it was delivered to him; that upon the trial of the replevin suit a verdict was found for the defendants therein, and assessing the value of the property so replevied and delivered at $309.50, and the defendants' damages at $10.83, whereupon the defendants waived, pursuant to the statute, a return of the property and perfected judgment for the said value, and damages and costs; that this judgment remaining unsatisfied, the said *Turner* and Strong, as such judgment creditors, sued out a writ of *capias ad satisfaciendum* on said judgment, to the sheriff of Kenosha county, the defendant *Crocker*, which was issued by the defendant *Parker* as clerk of the court; that by said writ the said sheriff was commanded to take the body of said *Pomeroy*, to satisfy said judgment and costs; that he refusing to pay said judgment, was taken and imprisoned to answer the exigency of said writ. The plaintiff demurred to the special pleas of justification, and judgment was given on such demurrer for the defendants, and each defendant having pleaded separately, and by different attorneys, for separate bills of costs, and the plaintiff *Pomeroy* sued out this writ of error.

*J. R. Sharpstein*, for plaintiff in error.

*Stoddard & Pettit, F. S. Lowell and A. G. Chatfield*, for defendants in error.

KNOWLTON, J. This suit was brought in the circuit court of Kenosha county by the plaintiff in error against the defendants in error for false imprisonment. The defendants appeared and specially pleaded in bar of the action, a judgment which had been duly rendered against the plaintiff in an action of replevin

in favor of of the defendant, *Turner*, and one William Strong, Jr., and justified the taking and imprisoning of the plaintiff by virture of a *capias ad satisfaciendum* issued upon said judgment. To these pleas the plaintiff demurred. The court overruled the demurrer, and rendered judgment against the plaintiff for costs. He removed the cause into this court by writ of error.

That the case may be the better understood, it is well to state that the judgment in replevin, as pleaded, was rendered in favor of the defendants in that action for the value of the property then in controversy, and for costs, they electing under our statute to take such judgment, instead of the judgment for a return of the property which had been delivered to the plaintiff on the writ of replevin. *Parker* was the clerk who issued, and *Crocker* the sheriff who executed the *ca. sa.*

I take the rule of law under our statute and constitution to be, that the party in whose favor a judgment is rendered for damages as a requital for a tort committed by the party against whom such judgment is rendered, may take the body of the person against whom such judgment has passed, and imprison him.

I also hold that whenever damages are given and costs awarded in such judgment, that the party obtaining such judgment is entitled to like final process for enforcing payment or satisfaction for the costs, as he is for his damages, such costs being only a necessary incident to the judgment for damages.

Another position in my opinion equally sound is this : That, as our statute stands, no person can be imprisoned on a judgment rendered against him upon any contract, express or implied ; nor when by mere operation of statutory provision judgment passes against him ; he in respect thereof not having committed any tortious act; as to the party in whose favor such judgment was rendered.

By R. S., ch. 119, sec. 40, it is declared that "every judgment rendered in an action of replevin, whether in favor of

the plaintiff or defendant, for *any damages* or *costs*, or for any
other *sum* of money, shall be docketed in the same manner,
and shall have the like effect as a charge upon the real estate
and chattels real of the party against whom it is recovered as
judgments in personal actions." Now I take it, that if judg-
ments in *replevin* for any sum of money are to have like
effect as a charge upon realty as other judgments in per-
sonal actions, that then that charge must be discharged or
obliterated in the same way that judgments in personal ac-
tions are, otherwise (upon the hypothesis that legislation
went no further), the charge would be of no earthly use, as
satisfaction could never be obtained. The charge would re-
main, but only an eyesore to the party in whose favor it
stood; while at the same time it would be a consoling balm
to the party against whom it rested. I am not disposed
to give statutes a construction that would result injuriously to
community, and which could only rest upon the bosom of ab-
surdity. However, we are not left in the necessitous condition
of seeking a mode of enforcing a judgment by the elasticity of
construction. By R. S., ch. 102, sec. 26: "Whenever judg-
ment shall be rendered in any court of record, for any debt,
damages, sum of money, or costs, the party in whose favor such
judgment is rendered, upon filing the record thereof, and
within two years thereafter, may have execution to the sheriff
or other proper officer, to collect the amount of such judg-
ment." Sec. 28 of the same chapter reads, "such execution
may be either: 1. Against the goods and chattels, lands, ten-
ement and chattels real of the party against whom the judg-
ment was recovered. 2. Against the body of such in cases
where executions against the body are allowed by law."

Suffice it to say that our law has not provided that execu-
tion against the body should go upon judgments in replevin,
like the one at bar. It is however provided by statute, as we
have just seen, that execution may in such cases, go against
the personal property, lands, tenements, and chattels real of
the party against whom judgment is rendered.

As this mode of obtaining satisfaction is provided upon the principle that when a right and a means of enforcing that right are given by statute, which are new, or did not previously exist at common law, the statute mode of enforcing that right must alone be pursued ; and that every means, not expressed in the statute, is excluded as effectually as though express negative words were to that end used.    Now that peculiar judgment given in this action of replevin could not have been obtained at the common law, but only by virtue of the statute.    It was therefore a statutory right, and the party taking it should be content with the remedies by statute provided for the enforcement of that right.    It is idle to say that the party may have any final process that the common law gave, for obtaining satisfaction of a judgment rendered in accordance therewith. The reason is, that the final process is and must be applicable to the judgment, and not having a judgment at the common law, of course no right could exist to use a common law writ to enforce satisfaction.

But it is said that the circuit courts of this state are by statute authorized to devise new writs when it is necessary to carry into effect their judgments.    But this granted, does not help the matter, for the obvious reasons that the *ca. sa.* used, was an old, and not a new writ devised by the court.    But the party made use of a writ devised in olden times.    Again, the legislature has, as has been already shown, provided what kind of execution might go on such judgment ; and that being done, the court is not at liberty to devise a different, or any writ, because it does not become necessary for the court to do so in order to carry into effect its judgment.

That the action of replevin under our statute is a tort action must, I think, be conceded by all who take the trouble to read the first and second sections of chapter 119 of the revised statutes.    The language is :    "Whenever any goods or chattels shall have been wrongfully taken, or shall have been wrongfully detained, an action of replevin may be brought for the recovery thereof, and for the recovery of the damages sus-

Pomeroy vs. Crocker and others.

tained by reason of such unjust caption or detention, except in the eases hereinafter specified." Sec. 2. "Whenever any person might maintain an action for any personal property wrongfully taken, such person may maintain an action of replevin for such property."

Now suppose it be conceded that the plaintiff recovering judgment in any tort action might take the body of the defendant in execution, it would by no means follow that, if by statutory provision the defendant might have judgment for a sum of money, besides costs against the plaintiff in the same action, in case he, the plaintiff, failed to maintain his action, that therefore such defendant might take the body of the plaintiff in execution on his judgment. In the former case, the plaintiff would be entitled to take the body of the defendant, because the defendant was convicted of committing a tort. In the latter, the judgment would have no such basis, but would have its basis on statute law. This being the basis, it could not be said that the judgment was founded upon a *tort*, committed by the party against whom the judgment was rendered. An individual has a legal right to commence an action of replevin, and by exercising this legal right he cannot, in any just sense, be considered a wrongdoer. Sec. 33 of this replevin act reads as follows: "The defendant, whenever he shall be entitled to a return of the property replevied, instead of taking judgment for such return as above provided, may take judgment for the value of the property replevied, in which case such value shall be assessed by the jury on the trial, or by a writ of inquiry as the case may require."

I am of opinion that the decisions of courts as to the imperious rights of parties to take executions upon judgments rendered pursuant to common law, have no bearing upon the case now under consideration; but that our statute controls the case. The 29th section of the replevin act, cited by the counsel for the plaintiff in error, is not, in my opinion, apposite to the question presented for discussion.

The execution provided for in that section is, when the plaintiff in the action of replevin recovers judgment upon the whole record, but the property specified in the declaration has not been replevied and delivered to him. The case at bar presents no feature of that kind.

I think the circuit court erred in overruling the demurrers to the pleas, and that the judgment should be reversed as to all the defendants. The sheriff is by no means brought within the rule that a ministerial officer is completely protected for acts done by him under process *fair upon its face and nothing appearing therein* to apprize him that the court from which it emanated had no authority to issue such process. So far as any statement of facts could invest a person with a knowledge of court authority in the premises (as I understand the case), this officer was fully informed by the contents of the writ. The writ containing the *facts* upon which the law rested, the sheriff was as much bound to know it as any other person. If he chose to disregard the law, under a knowledge of the facts thus conveyed to him, he should be held responsible for the consequences arising therefrom.

The rule of protection above mentioned is based on sound reason; and such being the case, I think it absurd to hold that every ministerial officer is, by intendment of law, incapable of knowing that he ought not to execute process to him delivered unless there is stamped upon its face in legible characters, "The court from whence this writ emanated had no authority to issue it." I will not, however, pursue this inquiry further, as there is not a majority of the court agreeing with me upon this point.

The judgment as to the sheriff (*Crocker*) must be affirmed, and reversed as to the other defendants.

The cause must be remanded for further proceedings in accordance with this opinion.

Judgment accordingly.